### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| FRANCISCO TINOCO, CIPRIANO REA VARA, CARLOS VARELAS, AND PEDRO MORALES, on behalf of themselves, and all other similarly situated plaintiffs known and unknown, ) ) ) ) ) ) | No. 16 cv |
| | Honorable Judge |
| Plaintiffs ) ) | |
| v. ) | JURY DEMAND |
| ) | |
| MARIANI COMMERCIAL LANDSCAPING INC., A/K/A MARIANI ENTERPRISES, D/B/A MARIANI LANDSCAPE, ) ) ) ) | |
| Defendant | |

### COMPLAINT

NOW COME Plaintiffs, FRANCISCO TINOCO, CIPRIANO REA VARA, CARLOS VARELAS, AND PEDRO MORALES, on behalf of themselves and all other Plaintiffs similarly situated, by and through their attorneys, JOHN W. BILLHORN and MEGHAN A. VANLEUWEN, and for their Complaint against Defendant MARIANI COMMERCIAL LANDSCAPING INC., A/K/A MARIANI ENTERPRISES, D/B/A MARIANI LANDSCAPE, state as follows:

### I.   NATURE OF ACTION

1.   This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*., the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq.*

### II.   JURISDICTION AND VENUE

2.   Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq*., and for the supplemental Illinois

statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship Plaintiffs performed work in this district and are residents of this district. Additionally, Defendant is or was engaged in business in this district.

III.     **THE PARTIES**

3.       Defendant, **MARIANI COMMERCIAL LANDSCAPING INC., A/K/A MARIANI ENTERPRISES, D/B/A MARIANI LANDSCAPE,** provides landscaping and maintenance services. As such, Defendant's services qualify as an enterprise engaged in commerce as defined by the FLSA. During all relevant times Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs, and therefore, as defined under both the federal and state statutes relied upon is an "employer."

4.       Plaintiffs **FRANCISCO TINOCO, CIPRIANO REA VARA, CARLOS VARELAS, AND PEDRO MORALES** (hereinafter "the named Plaintiffs") are past employees who performed work for Defendant as landscaping and maintenance laborers, driver, and snow removers.

5.       All other unnamed Plaintiffs known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendant as described above.

6.       As employees performing duties for an enterprise engaged in commerce, the named Plaintiffs and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

7.       The claims brought herein by the named Plaintiffs are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein.

8.       The non-compliant practices as alleged herein were part of a practice and policy implemented and maintained by Defendant and are common to a group or "class" of past and present employees.

9.     Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## IV.     STATUTORY VIOLATIONS

### Collective Action under the Fair Labor Standards Act

10.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by the named Plaintiffs as opt-in representatives or a collective action, on behalf of themselves and other Plaintiffs similarly situated who have been damaged by Defendant's failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Minimum Wage Law

11.     Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by the named Plaintiffs to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV.

### Class Action under the Illinois Wage Payment and Collection Act

12.     Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq.*, Count V of this action is brought by the named Plaintiffs as a F.R.C.P. 23 class action to recover unauthorized deductions taken on or after the date ten (10) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V.

## V.    FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

13.    The named Plaintiffs, at all times pertinent to this cause of action, were employed by Defendant, said employment being integral and indispensable to Defendant's business.

14.    Defendant employed named Plaintiffs at an hourly rate of pay during the course of their employment.

15.    Defendant has, both in the past and presently, willfully employed members of the Plaintiff Class, including the named Plaintiffs, and required the named Plaintiffs, and all similarly situated members of the Plaintiff Class, to perform work off-the-clock before and after their scheduled shifts, to the benefit of the Defendant.  The off-the-clock work included cleaning the trucks and trailers and emptying the trash, gathering tools to be used throughout the day at job sites, checking the tools and trucks to be sure they were clean and working, loading and receiving daily instructions, and parking the trucks.  This work time off-the-clock from their scheduled shift was without pay as required by the state and federal statutes relied upon herein.

16.    Additionally, Defendant has, both in the past and presently, willfully employed members of the Plaintiff Class, including the named Plaintiffs, and required the named Plaintiffs, and all similarly situated members of the Plaintiff Class, to travel from the last job site in the afternoon/evening without compensation for that travel work time as required by state and federal statutes relied upon herein.

17. Furthermore, Plaintiffs and all similarly situated members of the Plaintiff class, experienced unauthorized deductions from their paychecks for uniforms, several times per season, as well as for "administrative charges" and miscellaneous items.  These unauthorized deductions were unlawful and without written authorization by the named Plaintiffs and members of the Plaintiff class at the time each deduction was made, as required by law.

4

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-17.    Paragraphs 1 through 17 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 17 of this Count I.

18.    Defendant has at all times relevant hereto failed and refused to pay compensation to its employees, including the named Plaintiffs herein, and all other Plaintiffs similarly situated, known and unknown, as described above.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a)    awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b)    awarding Plaintiffs their reasonable attorneys' fees and costs incurred; and,

(c)    for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-18.    Paragraphs 1 through 18 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 18 of Count II.

19.     Defendant's actions as complained of above were done with Defendant's knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b)    awarding Plaintiffs their reasonable attorneys' fees and Court costs incurred; and

(c)    for such additional relief as the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-19.    Paragraphs 1 through 19 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 19 of Count III.

20.    In denying the named Plaintiffs and members of the Plaintiff Class compensation as described above, Defendant's acts were not based upon good faith or reasonable grounds.

21.    The named Plaintiffs and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a)    awarding liquidated damages equal to the amount of all unpaid compensation;

(b)    awarding Plaintiffs their reasonable attorneys' fees and costs incurred; and

(c)    for such additional relief as the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-21.    Paragraphs 1 through 21 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 21 of this Count IV.

22.    As described in the foregoing paragraphs, Defendant's compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

23.     During a portion or all of the relevant time at issue herein, the Illinois Minimum Wage Law provided that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for punitive damages in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

24.     Defendant's failure to pay compensation, as described above, has been willful and/or in bad faith.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a)     declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter,  in violation of the provisions of the Illinois Minimum Wage Law;

(b)     awarding an amount of damages, to be shown by the evidence, to which Plaintiffs and other members of the Plaintiff Class are entitled;

(c)     allowing this Court to retain jurisdiction of the case until such time it is assured Defendant has remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d)     directing Defendant to pay to Plaintiffs their reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e)     for such additional relief it deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT
### UNAUTHORIZED DEDUCTIONS

1-24.     Plaintiffs hereby re-allege and incorporate paragraphs 1 through 24 of this Complaint, as if fully set forth herein.

7

25.     Throughout the course of Plaintiffs' and the Plaintiff class' employment, they had an employment relationship with Defendant, and an employment agreement, established by the present and prior conduct of the parties evincing their intent to be parties to an employer-employee relationship.

26.     During the course of Plaintiffs' and the Plaintiff class' employment, Defendant made deductions from Plaintiffs' wages for uniform, "administrative," and miscellaneous costs, several times throughout the season.

27.     Such deductions (1) were not required by law; (2) were not to Plaintiffs' benefit; (3) were not in response to a valid wage assignment or wage deduction order; and (4) were not made pursuant to a valid and compliant authorization form, signed and dated by Plaintiffs.

28.     Defendant violated the IWPCA, 820 ILCS 115/9, by making unauthorized and unlawful deductions from Plaintiffs' wages.

29.     Plaintiffs were damaged by Defendant's violation of the IWPCA.

30.     This Count V is brought as a R. 23 class action, because although the precise number is unknown, the Plaintiff class is so numerous that joinder of their claims would be impracticable.  It is estimated that there are at least 200 individuals in the putative class who experienced deductions.

31.     The deductions present common questions of law and fact which predominate over variations that exist in the Plaintiff class, and the named Plaintiffs' claims as to deductions are typical of those presented by the putative class.

33.     Moreover, Plaintiffs are appropriate and adequate representatives of the Plaintiff class, and Plaintiffs' counsel is competent in the field of wage and hour claims including collective and class actions.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a) declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Wage Payment and Collection Act;

(b) awarding an amount of damages pursuant to the formula set forth in the IWPCA, Section 115/14(a);

(c) ordering Defendant to account for unauthorized deductions to Plaintiffs and the class Plaintiffs represent and entering judgment in Plaintiffs' and the Plaintiff class' favor;

(d) directing Defendant to pay to Plaintiffs their reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief it deems just and appropriate under the circumstances.

Respectfully Submitted,

***Electronically Filed 2/12/2016***

/s/ John W. Billhorn
_____
John William Billhorn

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 840
Chicago, IL 60604
(312) 853-1450

/s/ Meghan A. VanLeuwen
_____
Meghan A. VanLeuwen

FARMWORKER AND LANDSCAPER
ADVOCACY PROJECT
33 N. LaSalle, Suite 900
Chicago, IL 60602
(312) 784-3541

9